UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE COMMITTE,<br><br>      Plaintiff,<br><br>vs.<br><br>SONJA PIPPIN, *et al.*,<br><br>      Defendants. | 3:17-cv-00446-MMD-WGC<br><br>**REPORT & RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff qualifies for IFP status; therefore, the IFP application should be granted.

## **II. SCREENING**

### A. Standard

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff alleges that his right of equal protection to the laws was violated. (ECF No. 1-1 at 1.) He avers that defendant Sonja Pippin, an accounting faculty member at the University of Nevada, Reno, was in charge of the search for a new accounting faculty member to begin in the Fall 2017. (*Id.* at 2.) Plaintiff applied for the job. (*Id.*) He claims that the motivating factor in not selecting him was his older age of 64 years. (*Id.*) He contends that he was well qualified for the job, and that when he asked Pippin to provide him with a copy of the successful applicant's resume to check for age discrimination, she took it as a threat that Plaintiff was going to sue her or the university for age discrimination. (*Id.* at 3.) He alleges that they then terminated the search, but solicited applicants for the same position again the next year for a Fall 2018 start date. (*Id.*)

Plaintiff fails to state a colorable claim under 42 U.S.C. § 1983 or the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*

The ADEA prohibits arbitrary age discrimination in employment. 29 U.S.C. § 621(b). Individual supervisors or managers whose acts are attributed to the employer are not personally liable under the ADEA. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Therefore, Ms. Pippin is not a proper defendant. State employers are exempt pursuant to the Eleventh Amendment, so Plaintiff could

not amend to sue the State of Nevada under the ADEA. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 82 (2000).

Insofar as Plaintiff attempts to bring his claim against Pippen under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, the Ninth Circuit has held that that the remedial scheme in the ADEA forecloses section 1983 claims based on ADEA violations. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009) (Ahlmeyer similarly attempted to assert ADEA claim as an equal protection claim pursuant to section 1983).

Therefore, Plaintiff's action should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1);

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1); and

(3) **DISMISSING** the Complaint **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 2, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE