UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE COMMITTE,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SONJA PIPPIN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:17-cv-00446-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE<br>WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R" or "Recommendation"). The Magistrate Judge recommends granting Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and dismissing the Complaint (ECF No. 1-1) with prejudice. Plaintiff timely filed an objection thereto on August 11, 2017 ("Objection") (ECF No. 4).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cook's Recommendation.

The Magistrate Judge found that Plaintiff fails to state a claim under 42 U.S.C. § 1983 or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*, based on the decision of Defendant Sonja Pippin, an accounting faculty member of the

University of Nevada, Reno who was in charge of the search for a new accounting faculty member to start in the Fall of 2017. (ECF No. 4.) Plaintiff alleges that Pippin did not select him because of his older age. (ECF No. 1-1 at 2.) In his objection, Plaintiff asserts that he is not alleging a claim under the ADEA, but is asserting a section 1983 equal protection claim. (ECF No. 4 at 2.) However, the Ninth Circuit Court of Appeals has held that "the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983." *Ahlmeyer v. Nev. Sys. Of Higher Educ.,* 555 F.3d 1051, 1057 (9th Cir. 2009). Thus, Plaintiff's exclusive remedy is relief under the ADEA. Plaintiff argues that *Ahlmeyer* was overruled by the Seventh Circuit Court of Appeals in *Levin v. Madiga,* 692 F.3d 607 (7th Cir. 2012). However, the Seventh Circuit cannot overrule the Ninth Circuit. The Court is bound by the Ninth Circuit Court's holding that the ADEA is the exclusive remedy for alleged age discrimination in the employment context. (ECF No. 4 at 2.) The Court therefore agrees with the Magistrate Judge's recommendation and adopts the R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted

It is further ordered that the Clerk file the Complaint (ECF No. 1-1).

It is ordered that this action is dismissed with prejudice.

The Clerk is instructed to close this case.

DATED THIS 10th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE